UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WENDY J. HAY,

      Plaintiff

- against -

BURNS CASCADE CO., INC.,
DAVID S. BURNS,
DAVID MONAHAN,
DAVID DOING, and
TIMOTHY MURPHY,

      Defendant(s)

Civil Action No.: 5:06cv 137
NAM/GHL



U.S. DISTRICT COURT N.D. OF N.Y.
FILED
FEB 0 1 2006
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

---

 Plaintiff, by her attorneys, Case & Leader, LLP, Robert G. Raymond, Esq., of Counsel, alleges as follows:

## INTRODUCTORY STATEMENT

 1. This is an action by a United States citizen against a corporation and its officers and managers for damages sustained by reason of a violation of the Plaintiff's civil rights under 18 U.S.C. § 2511 for the alleged illegal wiretapping of and eavesdropping on the Plaintiff's private and personal telephone communications by the Defendants during the years 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2005.  Plaintiff also alleges a cause of action for violation of her rights under the Fourth Amendment to the Constitution of the United States by reason of the unlawful search and seizure of the Plaintiff's private and personal telephone communications during said years, as a result of the foregoing illegal wiretapping and eavesdropping by the Defendants.  Plaintiff further alleges the unlawful discharge from employment resulting from Defendants' illegal disclosure and use of the contents of the Plaintiff's private and personal telephone communications gained by the Defendants as a result of the foregoing illegal wiretapping and eavesdropping by the Defendants during the foregoing years.

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

## PARTIES

2. The Plaintiff is a resident of the County of Onondaga, State of New York, and a resident of this Judicial District.

3. Upon information and belief, the Defendant, Burns Cascade Co., Inc., is a corporation duly incorporated under the laws of the State of New York, with its principal offices at 400 Leavenworth Avenue, Syracuse, New York 13204 (hereinafter referred to as the "Defendant Company").

4. Upon information and belief, the Defendant, David S. Burns, is the Chief Executive Officer and the principal shareholder of the Defendant Company and a resident of this Judicial District.

5. Upon information and belief, the Defendant, David Monahan, is a Vice-President of the Defendant Company and a resident of this Judicial District.

6. Upon information and belief, the Defendant, Timothy Murphy, is the Operations Manager of the Defendant Company and a resident of this Judicial District.

7. Upon information and belief, the Defendant, David Doing, is the Manager of MIS of the Defendant Company and a resident of this Judicial District.

8. Upon information and belief, each of the above individual Defendants (hereinafter collectively referred to as the "Individual Defendants") holds offices and/or performs official duties and functions for and on behalf of the Defendant Company, and each of them is being sued individually and in his official capacity as an officer, manager and/or employee of the Defendant Company. Relief is sought against the Defendant Company and all of the Individual Defendants, jointly and severally, as well as its or their agents, assistants, successors, employees and all other persons, firms and companies acting in concert, cooperation or conspiracy with each of them or at their direction.

9. The Defendant Company and the above Individual Defendants are hereinafter collectively referred to as the "Defendants".

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

## JURISDICTION AND VENUE

10. This action is brought pursuant to 28 U.S.C. § 1343 for alleged violations of Plaintiff's statutory and civil rights resulting from the illegal interception, disclosure and use of the Plaintiff's private and personal telephone communications by the Defendants, in violation of 18 U.S.C. § 2511, and the unlawful use of the information so derived from said illegal wiretapping and eavesdropping to wrongfully terminate the Plaintiff from her employment with the Defendant Company. Jurisdiction is also based upon 28 U.S.C. § 1331 for alleged violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from unlawful and unreasonable searches and seizures.

11. Upon information and belief, the acts of the Defendants took place at the Defendant Company's corporate headquarters located at 400 Leavenworth Avenue in the City of Syracuse, New York, and within the Judicial District of this Court.

12. The amount in controversy in this matter exceeds the jurisdictional minimum of this Court.

13. Upon information and belief, each and every act complained of herein was committed by the Defendants under the rules, policies, practices and procedures instituted and carried out by the Defendant Company, acting by and through the Individual Defendants, and at the request and direction of the Defendant, David S. Burns, as Chief Executive Officer and principal shareholder of the Defendant Company.

## COUNT I

14. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs "1" through "13" of the Complaint above.

15. In 1980, the Plaintiff commenced employment with the Defendant Company in the Contracting Department and later became a Customer Service Representative and for twenty-five (25) years continued as a faithful, dedicated and valuable employee of the Defendant Company until her abrupt and unwarranted termination on July 26, 2005.

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

16. Upon information and belief, commencing in or about 1998, the Defendant Company, at the specific request and direction of the Defendant, David S. Burns, and with the assistance and cooperation of the Defendant, David Monahan, and the Defendant, David Doing, embarked upon, entered into, and carried out an elaborate and highly secret plan and scheme to install and monitor electronic, mechanical, and/or other devices to surreptitiously intercept, wiretap, eavesdrop upon, listen to, monitor and/or record the personal, private and intimate telephone communications of the employees of the Defendant Company, including the Plaintiff, without the knowledge or permission of said employees and the Plaintiff, for the unlawful purpose of gaining personal, private and sensitive information about said employees, including the Plaintiff, and using such information to intimidate, reprimand, harass, demote and unlawfully terminate certain employees, including the Plaintiff.

17. Upon information and belief, subsequently and pursuant to and in furtherance of their unlawful scheme and conspiracy, the Defendant Company and the Individual Defendants, agreed to, and did, commit various illegal and criminal acts at various times and dates in and about the headquarters of the Defendant Company, in the City of Syracuse, New York, including, among other things, the illegal wiretapping, eavesdropping, monitoring and recording of the personal, private and intimate telephone communications of the Defendant Company's employees, including the Plaintiff, during the years 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2005, which unlawful conduct is continuing through the present time.

18. Upon information and belief, the Defendant Company, acting by and through the Defendant, David S. Burns, and with the technical assistance of the Defendant, David Doing, and outside contractors and consultants engaged by the Defendant Company, procured and possessed electronic, mechanical and/or other wiretapping and eavesdropping devices, in violation of federal law, to wit: 18 U.S.C. § 2511, with intent to use or permit them to be used for purposes and in furtherance of the foregoing unlawful scheme and conspiracy.

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

19. Upon information and belief, in furtherance of the foregoing unlawful scheme and conspiracy, the Defendant Company, acting by and through the Individual Defendants, intentionally, willfully and deliberately used, and endeavored to use, electronic, mechanical and/or other devices to intentionally, willfully and deliberately intercept, and endeavor to intercept, hundreds of the personal, private and intimate telephone communications of the Defendant Company's employees, including the Plaintiff, from 1998 to the present time, all in violation of 18 U.S.C. § 2511.

20. Upon information and belief, in furtherance of the foregoing unlawful scheme and conspiracy, the Defendant Company, acting by and through the Individual Defendants, willfully, intentionally and maliciously disclosed and used the contents of the personal, private and intimate telephone communications of the Defendant Company's employees, including the Plaintiff, during the foregoing years, all in violation of 18 U.S.C. § 2511.

21. Upon information and belief, the Defendant Company, acting by and through the Individual Defendants knew, or had reason to know, that such personal and private telephone communications, and the information derived therefrom, were obtained through the illegal interception, wiretapping, eavesdropping, monitoring and recording of such telephone communications, all in violation of 18 U.S.C. § 2511.

22. Upon information and belief, the acts of the Defendant, David Doing, in installing and using, with the assistance of the Individual Defendants, equipment and devices to intercept, wiretap, eavesdrop, monitor and record the personal, private and intimate telephone communications of the Defendant Company's employees, including the Plaintiff, were done at the specific direction and request of and aided, abetted, financed, encouraged and rewarded by the Defendant Company and the Defendants, David S. Burns and David Monahan, as Senior Executives of the Defendant Company, and in violation of 18 U.S.C. § 2511.

23. Upon information and belief, the unlawful interception, monitoring, recording, disclosure and use of the Plaintiff's personal, private and intimate telephone communications were done by the Defendant, David Doing, with the assistance of the Defendant, Timothy Murphy, who also aided, abetted, financed and rewarded the Defendant, David Doing, for carrying out such unlawful activities, in violation of 18 U.S.C. § 2511.

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

5

24. Upon information and belief, during the course of the foregoing unlawful scheme and conspiracy, and as a result thereof, the Defendant Company and the Individual Defendants intentionally, willfully and deliberately disclosed and used the contents of, and information gained from, the wrongfully, illegally and criminally intercepted and recorded personal, private and intimate telephone conversations of the Defendant Company's employees, including the Plaintiff, during the foregoing years, knowing, or having reason to know, that they were intercepted and recorded in violation of 18 U.S.C. § 2511.

25. Upon information and belief, the actions of the Defendant Company made and carried out with the knowledge, aid, procurement, importunement and conspiracy of the Individual Defendants, violated New York State Penal Law § 250.05 and 18 U.S.C. § 2511 and constituted criminal conduct by direct or accessorial liability.

26. Upon information and belief, the Individual Defendants formed and subsequently carried out the foregoing unlawful scheme and conspiracy in order to obtain personal and sensitive information about the employees of the Defendant Company, including the Plaintiff, and to use such information to intimidate, reprimand, harass, demote and unlawfully terminate certain employees of the Defendant Company, including the Plaintiff, and to further their own personal and business interests.

27. Upon information and belief, the foregoing acts of the Defendants were done maliciously, intentionally, recklessly, wantonly and deliberately.

28. The Plaintiff first discovered the Defendants' unlawful violation of 18 U.S.C. § 2511 after her unjust, unwarranted and unlawful termination from employment on July 26, 2005.

29. As a direct and proximate cause of the unlawful and wrongful conduct of the Defendants, the Plaintiff has suffered economic loss and damages, extreme indignities and humiliation, severe emotional distress, mental anguish, a loss of standing in the community and an inability to obtain other employment.

30. By reason of the above extreme, outrageous and malicious actions of the Defendants, jointly and severally, the Plaintiff is entitled, pursuant to 18 U.S.C. § 2520, to statutory and/or actual damages for economic loss, including but not limited to past and future compensation, lost life insurance, health insurance, long and short term disability benefits, lost pension benefits, and expenses involved in seeking other suitable employment, emotional distress and mental anguish, and an award of exemplary and punitive damages in

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

amounts to be determined by this Court, all in excess of the jurisdictional minimum of this Court, reasonable attorneys' fees and other litigation costs, interest, and such other and further relief as this Court deems just and appropriate.

## COUNT II

31. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs "1" through "30" of the Complaint above.

32. Upon information and belief, the Defendants' installation and use of electronic, mechanical and/or other wiretapping, eavesdropping, monitoring and recording devices to intercept, monitor and record the personal, private and intimate telephone conversations of the Plaintiff from 1998 through 2005, and the subsequent disclosure and use of the contents of such telephone conversations, all in violation of 18 U.S.C. § 2511, constituted unlawful searches and seizures of such telephone conversations in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

33. As a direct and proximate cause of the unlawful and wrongful conduct of the Defendants, the Plaintiff suffered economic loss and damages, extreme indignities and humiliation, severe emotional distress, mental anguish, a loss of standing in the community and an inability to obtain other employment.

34. By reason of the above extreme, outrageous and malicious actions of the Defendants, jointly and severally, the Plaintiff is entitled to damages for economic loss, including but not limited to past and future compensation, lost life insurance, health insurance, long and short term disability benefits, lost pension benefits, and expenses involved in seeking other suitable employment, emotional distress and mental anguish, and an award of exemplary and punitive damages in amounts to be determined by this Court, all in excess of the jurisdictional minimum of this Court, reasonable attorneys' fees and other litigation costs, interest, and such other and further relief as the Court deems just and appropriate.

## COUNT III

35. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs "1" through "34" of the Complaint above.

36. During Plaintiff's twenty-five (25) years of service with the Defendant Company, the Plaintiff dutifully, faithfully and conscientiously performed her duties for the Defendant Company and reasonably relied upon the Defendants' representations, policies,

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

7

employment practices and/or procedures that she would not be terminated without good and just cause.

37. During the Plaintiff's foregoing years of employment service with the Defendant Company, the Plaintiff received favorable written job performance reviews and appraisals by each of her immediate supervisors, none of whom ever complained in writing or otherwise about her job performance, otherwise criticized her work or ever provided any written or verbal notice or warning that her job performance was unsatisfactory or needed improvement prior to her abrupt, unwarranted and unlawful termination on July 26, 2005.

38. Upon information and belief, the Plaintiff was abruptly terminated from her employment with the Defendant Company on July 26, 2005, only allowed to retrieve her purse from her desk, then promptly escorted from the Defendant Company's offices, solely because of her unflattering comments about certain senior executives of the Defendant Company, including the Defendant, David S. Burns, which she made in the course of personal, private and intimate telephone conversations with her husband, Scott Hay, other members of her family and personal friends and associates outside of the Defendant Company, all of which were illegally intercepted, monitored, recorded, disclosed and used in violation of 18 U.S.C. § 2511 for the purpose of punishing and unlawfully terminating her from employment.

39. As a direct and proximate cause of the unlawful and wrongful acts of the Defendants in wrongfully terminating the Plaintiff, the Plaintiff has suffered economic loss and damages, extreme indignities and humiliation, severe emotional distress, mental anguish, a loss of standing in the community, and has been unable to secure other employment.

40. By reason of the above extreme, outrageous and malicious actions of the Defendants, jointly and severally, the Plaintiff is entitled, pursuant to 18 U.S.C. § 2520, to statutory and/or actual damages for economic loss, including but not limited to past and future compensation, lost life insurance, health insurance, long and short term disability benefits, lost pension benefits, and expenses involved in seeking other suitable employment, emotional distress and mental anguish, for the wrongful termination of the Plaintiff and alleged violations of 18 U.S.C. § 2511, and an award of exemplary and punitive damages in amounts to be determined by this Court, all in excess of the jurisdictional minimum of this Court, reasonable attorneys' fees and other litigation costs, interest, and such other and further relief as this Court deems just and appropriate.

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

## COUNT IV

41. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs "1" through "40" of the Complaint above.

42. Upon information and belief, the foregoing actions of the Defendants, jointly and severally, were extreme, outrageous and malicious and performed with the intention of causing severe emotional distress to the Plaintiff and/or with reckless disregard of the consequences thereof.

43. As a direct and proximate cause of the unlawful and wrongful acts of the Defendants, the Plaintiff has suffered economic loss and damages, extreme indignities and humiliation, severe emotional distress, mental anguish, a loss of standing in the community, and an inability to obtain other employment.

44. By reason of the above extreme, outrageous and malicious actions of the Defendants, jointly and severally, the Plaintiff is entitled to damages for economic loss, including but not limited to past and future compensation, lost life insurance, health insurance, long and short term disability benefits, lost pension benefits, and expenses involved in seeking other suitable employment, and an award of exemplary and punitive damages in amounts to be determined by the Court, all in excess of the jurisdictional minimum of this Court, reasonable attorneys' fees and other litigation costs, interest, and such other and further relief as this Court deems appropriate.

## COUNT V

45. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs "1" through "44" of the Complaint above.

46. Upon information and belief, the Defendants owed a duty to the Plaintiff to refrain from unlawfully intercepting, monitoring, recording, disclosing and using the contents of the Plaintiff's personal, private and intimate telephone conversations and to refrain from conducting unreasonable searches and seizures in violation of the Plaintiff's Fourth Amendment rights under the United States Constitution.

47. Upon information and belief, in violation of the foregoing duties, the Defendants negligently exceeded the scope of any lawful interception, monitoring, recording, disclosure and use of the Plaintiff's telephone conversations, to the extent that they constituted personal, private and intimate telephone conversations that were not part or in the ordinary course of the Defendant Company's or the Plaintiff's ordinary course of business.

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

48. As a direct and proximate cause of the unlawful and wrongful acts of the Defendants, the Plaintiff has suffered economic loss and damages, extreme indignities and humiliation, severe emotional distress, mental anguish, a loss of standing in the community and an inability to obtain other employment.

49. By reason of the foregoing actions of the Defendants, jointly and severally, the Plaintiff is entitled to damages for economic loss, including but not limited to past and future compensation, lost life insurance, health insurance, long and short term disability benefits, lost pension benefits, and expenses involved in seeking other suitable employment, and an award of exemplary and punitive damages in amounts to be determined by this Court, all in excess of the jurisdictional minimum of this Court, reasonable attorneys' fees and other litigation costs, interest, and such other and further relief as this Court deems appropriate.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and severally, on Counts "I" through "V" above, for statutory and/or actual damages for economic loss, including but not limited to past and future compensation, lost life insurance, health insurance, long and short term disability benefits, lost pension benefits, and expenses involved in seeking other suitable employment, and an award of exemplary and punitive damages in amounts to be determined by this Court, all in excess of the jurisdictional minimum of this Court, reasonable attorneys' fees and other litigation costs, interest, and such other and further relief as this Court deems just and appropriate.

Dated: January 28, 2006.

_____
Robert G. Raymond, Esq.
Case & Leader, LLP
Attorneys for Plaintiff
Office and Post Office Address
107 East Main Street,   P. O. Box 13
Gouverneur, New York  13642-0013

## JURY DEMAND

NOW COMES Plaintiff and demands a trial by jury in the above matter.

Dated: January 28, 2006.

_____
Robert G. Raymond, Esq.
Case & Leader, LLP
Attorneys for Plaintiff
Office and Post Office Address
107 East Main Street, P. O. Box 13
Gouverneur, New York  13642-0013

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

10

# VERIFICATION

**WENDY J. HAY,** being duly sworn, deposes and says that she resides at: 4768 Limberlost Lane, Manlius, New York 13104; that she is the Plaintiff in the above-entitled proceeding; and that she has read the foregoing Complaint and knows the contents thereof and that the same are true of her own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, she believes them to be true.

*/s/ Wendy J. Hay*
**WENDY J. HAY**

Subscribed and sworn to before me this 28th day of Jan, 2006.

*/s/ William J. LaFrance*
Notary Public – State of New York

WILLIAM J. LAFRANCE
Notary Public in the State of New York
Qualified in Onon. Co. No. 34-7402630
My Commission Expires 8-31-06

CASE & LEADER LLP
ATTORNEYS AT LAW
107 EAST MAIN STREET
P.O. BOX 13
GOUVERNEUR,
NEW YORK 13642-0013
(315) 287-2000

11