IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

WENDY J. HAY,

                Plaintiff,

                                   Civ. Action No.
                                   5:06-CV-0137 (NAM/DEP)

   vs.

BURNS CASCADE CO., INC., *et al.,*

                Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| CASE, LEADER LAW FIRM<br>P.O. Box 13<br>107 East Main Street<br>Gouverneur, NY 13642 | ROBERT G. RAYMOND, ESQ.,<br>HENRY J. LEADER, ESQ. |
| FOR DEFENDANTS: | |
| BOND, SCHOENECK LAW FIRM<br>One Lincoln Center<br>Syracuse, NY 13202-1355 | THOMAS J. GROOMS, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court is a motion by defendants Burns

Cascade Co., Inc., David S. Burns, David Monahan, David Doing and

Timothy Murphy for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in essence precluding plaintiff from inquiring regarding the interception of communications involving employees, other than plaintiff Wendy J. Hay, of defendant Burns Cascade Co., Inc. and its affiliates, dating back to the installation in 1995 of equipment with the capability of permitting such interceptions. In support of their request for that relief, defendants assert that the information sought is irrelevant to the claims and defenses in the action, and additionally would require them to disclose information protected by the Fifth Amendment's privilege against self-incrimination.

    Oral argument was heard concerning defendants' motion during a digitally recorded telephone conference conducted on August 28, 2006. At the close of that conference, I denied defendants' motion, finding that the information sought was potentially relevant both to the issue of whether unauthorized interception of private conversations of the plaintiff occurred – a matter which is likely to be the subject of proof principally through the offering of circumstantial evidence – and on the issue of punitive damages, if any, to be awarded in the event of a jury finding of liability under 18 U.S.C. § 2520, and further that any Fifth Amendment

concerns can be adequately addressed by the entry of a protective order in accordance, *inter alia*, with *Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291 (2d Cir. 1979). Accordingly, based upon a decision rendered orally on August 28, 2006, which decision is incorporated herein by reference, it is hereby

ORDERED that defendants' motion for a protective order be and is hereby DENIED in all respects, conditioned upon the entry of a protective order, as indicated above, the contents of which are to be negotiated between the parties or, in the event that agreement cannot be reached, will be drafted by the court.

／s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge

Dated:   August 31, 2006
         Syracuse, NY